## Case No. 10,119.

### The NEPTUNE.

[Blatchf. Pr. Cas. 367.] [1]

District Court, S. D. New York. June, 1863.

PRIZE—BLOCKADE—CONDEMNATION.

Vessel and cargo condemned as enemy property, and for a violation of the blockade.

In admiralty.

BETTS, District Judge. This vessel was captured, as prize of war, April 19, 1863, on the Atlantic Ocean, off Charleston Harbor, S. C., by the United States sloop-of-war Housatonic. The vessel was, on her capture, appraised at the sum of $150, and left at Port Royal, S. C., by the captors. The cargo was brought to this port for adjudication, and was here libelled, on the 5th of May thereafter. It was on the same day arrested by due process of attachment and monition, returnable May 26, and on that day the writ was duly returned in court, and a decree by default was thereupon rendered in court. The ship's papers show that the vessel was, on the 4th of April, 1863, registered at Charleston, in the Confederate States, in the custom-house of the enemy, as the sole property of Samuel D. Stoney, of that place, and that she there shipped a crew for Nassau, N. P., with a manifest and bills of lading, dated April 11, 1863, of a cargo of cotton and spirits of turpentine, from that port to Nassau, N. P. The master of the vessel deposes, on his preparatory examination, that the vessel sailed from Charleston with the Confederate colors, and had no others on board; that she was captured off Charleston Harbor, April 19, 1863, in the night; that he was a resident of Charleston, and was appointed to the command of the vessel by her owner, in that port; that he, the master, owned part of the cargo, and the owner of the vessel the residue; and that both of them knew that the port was under blockade at the time by the United States forces. No question is earnestly maintained, upon the pleadings and proofs, as to the guilt of the vessel and cargo. A regular default against both has been taken, and a decree of condemnation and forfeiture must be entered against both. Decree accordingly.

---

[1] [Reported by Samuel Blatchford, Esq.]